UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal Case No. 18- 173 WES |
| v. | |
| STEPHEN P. LANGLOIS | |

## PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States and Defendant, STEPHEN P. LANGLOIS, have reached the following agreement:

1. Defendant's Obligations.

   a. Defendant will waive presentation of this matter to a grand jury and consent to the filing of an Information which charges defendant with Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4). Defendant agrees that Defendant will plead guilty to said Information. Defendant further agrees that the time between the filing of this plea agreement and the scheduled date for the change of plea is excludable under the Speedy Trial Act, 18 U.S.C. § 3161.

   b. Defendant agrees to recommend that the Court impose a sentence of 42 months imprisonment for the offense of conviction. Defendant agrees that a sentence of 42 months imprisonment is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. Defendant agrees that a sentence of less than 42 months

1

imprisonment is not sufficient to achieve the objectives of 18 U.S.C. § 3553. Defendant is free to recommend any combination of supervised release, fines, and restitution that he deems appropriate.

    c. Defendant further agrees:

        (i) to forfeit all interests in any asset that constitutes an instrumentality of Defendant's offense.

        (ii) to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, federal or state. Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

        (iii) to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.

    2. **Government's Obligations.** In exchange for Defendant's pleas of guilty:

        a. The government agrees to recommend that the Court impose a sentence of 42 months imprisonment for the offense of conviction. The government agrees that a sentence of 42 months imprisonment is necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public. The government agrees that a sentence of less than

42 months imprisonment is not sufficient to achieve the objectives of 18 U.S.C. § 3553. The government is free to recommend any combination of supervised release, fines, and restitution that he deems appropriate.

    b. For purposes of determining the offense level, the government agrees to recommend a two-level reduction in the offense level for acceptance of responsibility under § 3E1.1(a) of the United States Sentencing Guidelines (the U.S.S.G. or "guidelines") if Defendant continues to demonstrate acceptance of responsibility through sentencing.

    c. As of the date of this agreement, Defendant has timely notified authorities of an intention to enter a plea of guilty. If the offense level is 16 or greater and Defendant enters a plea of guilty pursuant to this agreement, the government will move the sentencing Court for an additional decrease of one level, pursuant to U.S.S.G. § 3E1.1(b), unless Defendant indicates an intention not to enter a plea of guilty, thereby requiring the government to prepare for trial.

    d. Based upon the information now in the government's possession, the United States Attorney for the District of Rhode Island agrees not to charge Defendant with Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2), and Money Laundering, in violation of 18 U.S.C. § 1956(a)(2).

    3. Defendant understands that the guidelines are not binding on the Court, and that, although the Court must consult the guidelines in fashioning any sentence in this case, the guidelines are only advisory, and the Court may impose any reasonable

sentence in this matter up to the statutory maximum penalties after taking into account the factors enumerated in 18 U.S.C. § 3553(a).

4. The United States and Defendant stipulate and agree to the following facts under the guidelines:

    a. The parties agree to recommend to the Court that Defendant should receive a two-level upward adjustment for material involving a prepubescent minor or a minor who has not attained the age of 12 years pursuant to U.S.S.G. § 2G2.2(b)(2).

    b. The parties agree to recommend to the Court that Defendant should receive a two-level upward adjustment for use of a computer pursuant to U.S.S.G. § 2G2.2(b)(6).

    c. The parties agree to recommend to the Court that Defendant should receive a five-level upward adjustment for an offense involving 600 or more images pursuant to U.S.S.G. § 2G2.2(b)(7)(D).

    d. The parties agree to recommend to the Court that Defendant should receive a four-level upward adjustment for an offense involving sadistic or masochistic conduct, or sexual abuse of exploitation of an infant or toddler pursuant to U.S.S.G. § 2G2.2(b)(4).

5. The maximum statutory penalties for the offense to which Defendant is pleading are not more than 20 years imprisonment; a fine of $ 250,000; a term of supervised release of life; a mandatory special assessment of $100, and an additional mandatory $5,000 special assessment (per 18 U.S.C. § 3014(a)(3)).

6. Defendant agrees that, after Defendant and Defendant's counsel sign this plea agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for acceptance of responsibility.

7. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against Defendant any statement that Defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. Defendant has the right to a jury trial;

d. Defendant has the right to be represented by counsel – and if necessary have the Court appoint counsel – at trial and every other stage of the proceeding;

e. Defendant has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

f. Defendant waives these trial rights if the Court accepts a plea of guilty; and,

  g. Defendant understands that by pleading guilty, defendant will be required to register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). Defendant also understands that independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. Defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

  8. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

  9. Except for paragraphs 2 and 4 above, the parties have made no agreement concerning the application of the guidelines in this case.

  10. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is

6

not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The Court is free to impose any sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

11. Defendant hereby waives Defendant's right to appeal the conviction and sentence imposed by the Court, if the sentence imposed by the Court is within or below the sentencing guideline range determined by the Court. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

12. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

13. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

14. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case.

Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by Defendant and the United States Attorney for the District of Rhode Island in order to be effective.

15. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

16. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

_____  12/16/18
STEPHEN P. LANGLOIS          Date
Defendant

_____  12/16/18
JOHN L. CALCAGNI, III        Date
Counsel for Defendant

_____  12/17/18
SANDRA R. HEBERT             Date
Assistant U.S. Attorney

_____  12/17/18
WILLIAM J. FERLAND           Date
Chief, Criminal Division

8