UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.                                                    Criminal Case No. 18-173S

STEPHEN LANGLOIS

GOVERNMENT'S SENTENCING MEMORANDUM

After careful consideration of the facts of this case, the history and characteristics

of the defendant, and federal sentences imposed in cases of this nature, in this district

and nationally, the defendant and the United States Attorney's Office reached a plea

agreement addressing the appropriate charges and joint sentencing recommendation

for the defendant's crimes.  As part of that thoughtfully negotiated plea agreement, the

parties both agreed to recommend a sentence of 42 months imprisonment, because such

a sentence was not only reasonable, but necessary to achieve the goals of 18 U.S.C.

§ 3553.  Further, the defendant and the United States agreed that a sentence of less than

42 months imprisonment was not sufficient to achieve the goals of § 3553.

The recommended sentence of 42 months imprisonment reflects not only the

horrific nature and quantity of the materials possessed by the defendant, but also the

fact that the defendant misled, or outright misrepresented, his criminal conduct to

others.  Specifically, the defendant, who had concealed his collection on his computer

for years, falsely represented that he had deleted the child pornography he purchased.

Further, he deceived investigators with respect to how long he had been engaged in the

criminal acquisition and collection of these images of child abuse.  Lastly, he committed

his crimes in a home he shared with minor children.

## NATURE OF THE OFFENSE

Over the course of four years, the defendant acquired and collected images recording the worst moments in a child's life – images of those victims' molestation and abuse.  The defendant concealed his illicit desires from his family and friends, secreting those images he chose to save in a music folder on a laptop.  His secret collection reflects sadistic interests.  For example, the defendant purchased videos entitled, "(pthc) real rape & snuff of a mum & yo daughter (xtream 2009).avi" and "13yo Retarded Sister Molested and Fucked to a Creampie by Older Brother in His Car.mpg."

The defendant used at least two aliases to pursue his sexual proclivities, "rodfitzwell" and "deviant69."  To gain access to the contraband materials he desired, the defendant used TOR to access the dark web, where he could anonymously search for child pornography.  He used bitcoin to subscribe to an overseas child pornography website and purchase these materials from the website.  Over the course of four months, the defendant acquired 114 videos from the child pornography website, some of which he saved, adding to a collection begun by him in May 2014.  These videos included toddlers engaged in sexual activity, and children blindfolded and bound.

## NEED FOR THE SENTENCE IMPOSED

The U.S. Sentencing Guidelines (hereinafter "the guidelines") assessed the defendant's criminal conduct and lack of criminal history as warranting a sentence of imprisonment of 78 – 97 months with a plea.  Further, had he been charged with money laundering, an offense to which he was clearly guilty given his use of bitcoin to promote

the illegal activity of the international website, his guideline range would have been at least 97 – 121 months imprisonment.  The statutory framework applicable to the defendant's conduct suggests that a sentence of 60 months imprisonment is the bare minimum sentence necessary to address the defendant's crimes.

The defendant negotiated an even more beneficial agreement for himself with the United States Attorney.  Through negotiations, the defendant pled to mere possession, and the parties agreed to recommend a sentence of 42 months imprisonment, which is 35 months below the defendant's guideline range and 18 months below the statutory mandatory minimum sentence potentially applicable to his conduct.

While the guidelines and statutory framework (given the charge) are not binding on the Court, they are a starting point and a useful tool for the Court to use in assessing the offense and offender.  They also should assist in avoiding unwarranted disparities with other similarly situated offenders.

Congress, the Justice Department, the U.S. Sentencing Commission, and courts across this country recognize that possession of child pornography is a serious offense deserving of punishment.  It is not a victimless crime.  Every time the defendant sought out, viewed, purchased and saved a pornographic image of a child, he victimized that child and contributed to the lifetime of anguish these children endure.  See United States v. Kearney, 672 F.3d 81, 94 (1st Cir. 2012) (recognizing that courts have long accepted the proposition that the continuing dissemination and possession of images of child pornography harms the victims depicted in the images).

Federal courts have recognized the seriousness of the crime and the repeated harm done to the child victims of sexual abuse each time an offender obtains and views the record of their abuse.  According to the U.S. Sentencing Commission, in fiscal year 2017, "prison only" was imposed in 96.1% of the child pornography cases nationally. See United States Sentencing Commission, Statistical Information Packet, Fiscal Year 2017, https://www.ussc.gov/sites/default/files/pdf/research-and-publications/federal-sentencing-statistics/state-district-circuit/2017/1c17.pdf.  That is, out of 1,810 child pornography cases prosecuted nationally, only 15 defendants across the country received a sentence of only probation.

Likewise, in this district, the Court has been imposing sentences similar to that recommended by the parties in this case.  The defendant cited to two cases, United States v. Skally, Cr. No. 16-98S, and United States v. Swant, Cr. No. 18-16JJM, in which the Court imposed sentences of 30 months imprisonment.  Both of those cases were negotiated under admitted misapplication of the guidelines by the parties during negotiations.

Defendant Skally's case set the baseline off which the next few child pornography possession cases were assessed.  And yet, Defendant Skally faced the lowest guideline sentencing range of any of the recent child pornography cases in this district.  His guideline range was 51-63 months, and the parties believed the guidelines range was 46-57 months imprisonment at the time of negotiations.

Defendant Swant, who negotiated a joint recommendation of 30 months imprisonment with the United States, was erroneously believed to be facing the same

guidelines range of 51-63 months imprisonment.  However, Defendant Swant's

guideline range was actually higher.

While the Skally case is a useful benchmark, the sentence imposed in that case

should not have talismanic effect upon the parties or this Court.  The defendant in this

case not only demonstrated an additional level of sophistication through his use of

bitcoin on the dark web, but he went to great lengths to conceal his activities from his

family over the course of years, while continuing to live in a house with small children.

Further, when confronted by law enforcement with the evidence against him, he misled

the agents and misrepresented his true level of involvement in this dark world.  The

parties agreed upon sentence of 42 months imprisonment considers both the

defendant's criminal activity and his deceptive behavior, both of which reflect his

rehabilitative potential.

DETERRENCE

Punishment and the need for a sentence that reflects the seriousness of the

offense are not the only concerns.  The Court through its sentence must attempt to deter

others from engaging in this behavior, quelling the demand for images depicting child

sexual abuse.  See generally United States v. Gall, 829 F.3d 64, 75 (1st Cir. 2016) (upholding

the district court's sentence of imprisonment in excess of the parties' recommendations and

noting that the district court predicated its sentence in part upon the recognition that the

defendant's "possession of child pornography fueled the market for child pornography,

and thus indirectly harmed children"); United States v. Crespo-Rios, 787 F.3d 34, 38 (1st Cir.

2015) (vacating the sentence in an obscenity and possession of child pornography case and

5

remanding because the district court failed to consider the seriousness of the offense, the need to avoid sentencing disparities, the need to promote general deterrence, and the need to promote respect for the law).

Although the defendant lacks criminal history, the evidence demonstrates that he has secretly been involved with child pornography for nearly four years, hiding his interests from those closest to him.  All the while, he has been living with children who could have stumbled upon his collection or worse.  A sentence of 42 months imprisonment, a sentence substantially below the guidelines range and the possible statutory minimum sentence, should go a long way towards deterring the defendant from his continued participation in this black market.

## CONCLUSION

Based upon all of the above, the United States asks the Court to respect the parties' joint recommendation.  A sentence of 42 months imprisonment, 5 years of supervised release, and a $5,100 special assessment will reflect the seriousness of the

offense, punish the defendant, deter him and others from engaging in this offense, and

avoid unwarranted disparities.

Respectfully submitted,

UNITED STATES OF AMERICA
By its Attorney,

AARON L. WEISMAN
United States Attorney

_____

SANDRA R. HEBERT
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th FL
Providence, RI 02903
Tel (401) 709-5000
Fax (401) 709-5001
Email: Sandra.hebert@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of May, 2019, I caused the within Government's Sentencing Memorandum to be filed electronically and it is available for viewing and downloading from the ECF System.

/s/ Sandra R. Hebert
SANDRA R. HEBERT
Assistant U.S. Attorney
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000
(401) 709-5001 (fax)
Email: sandra.hebert@usdoj.gov